IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CASE NO. 1:01-cr-00048-MP-AK
                                                           1:03-cr-00025-MP-AK

MIGUEL ANGEL FERNANDEZ,

    Defendant.

_____/

## **O R D E R**

Previously, in case number 1:01-cr-00048, this Court sentenced Mr. Fernandez to 27 months imprisonment and three years supervised release for drug-related offenses. He was allowed to self-surrender but failed to report to the place of his confinement. As a result, he was eventually convicted, in case number 1:03-cr-00025, of failure to surrender, in violation of 18 U.S.C. § 3146. In the failure-to-surrender case, the Court sentenced Mr. Fernandez to 33 months of imprisonment to run consecutive to the already imposed sentence in 1:01-cr-00048. Additionally, the Court in 1:03-cr-00025 expressly made the supervised release in that case run consecutive to the sentence in 1:01-cr-00048. On page three of the Judgment in a Criminal Case, Doc. 22, the Court stated,

> Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years to run consecutive with sentence imposed in Case Number 1:01CR48 MMP.**

Emphasis in original.

Mr. Fernandez served the period of imprisonment in 1:01-cr-00048, then the period of imprisonment in 1:03-cr-00025, and then began the three-year term of supervised release from

1:01-cr-00048 on April 15, 2008.[1]  As specified in the Judgment quoted above, the three-year term of supervision in 1:03-cr-00025 would begin after the completion of the three-years in 1:01-cr-00048.

On June 27, 2008, a petition alleging violation of supervised release was filed with the Court by the supervising probation officer.  Unfortunately, although the defendant was only serving his first term of supervised release (from 1:01-cr-00048), identical petitions were filed in both 1:01-cr-00048 (Doc. 216) and 1:03-cr-00025 (Doc. 26).  Also, the Court's eventual order finding Mr. Fernandez guilty of the violations and requiring him to attend a halfway house for six months was entered in both cases (Doc. 228 and Doc. 37, respectively).  A petition and order should only have been entered in 1:01-cr-00048 because the term of supervised release has not yet begun in 1:03-cr-00025.

Eventually, Mr. Fernandez was released from the halfway house and back into supervision.  In April 2010, however, another petition alleging a violation of supervised release was filed by the supervising probation officer.  This one was correctly filed only in 1:01-cr-00048 (as Doc. 229).  During a hearing on Wednesday, August 4, 2010, Mr. Fernandez admitted the violations, the Court found Mr. Fernandez guilty of violating his supervised release, and the Court sentenced Mr. Fernandez to eleven months imprisonment.  The Court also indicated that no further term of supervised release would be imposed in 1:01-cr-00048.  This does not change the fact, however, that Defendant still must serve 3 years of supervised release in 1:03-cr-00025, since that term was ordered to run consecutively to that in 1:01-cr-00048.  Also, no written judgment and sentence has been entered.

---

[1]Defendant was released from the Bureau of Prisons on January 4, 2008, but was held by ICE on an immigration detainer until April 15, 2008.

*Case No: 1:01-cr-00048-MP-AK*

Because of the potential confusion present in these two cases, and the desire to handle any resulting issues directly, and not through habeas or other mechanisms, the Court will allow the Defendant to file a memorandum, if the Defendant seeks to challenge the Court's interpretation of the consecutive nature of the supervised release or if the knowledge of the consecutive nature of the supervised release changes the Defendant's decision to admit the violations. The public defender continues to be appointed under the order at Doc. 236 for this purpose. Any memorandum must be filed by Friday, September 10, 2010. Failure to file a memorandum may be construed as a waiver of any challenge to the Court's interpretation. The government shall file a memorandum in response to any filed by the defendant, within 14 days of the filing of the Defendant's motion.

The Defendant shall remain detained under the terms of the order at Doc. 238 until resolution of theseissues.

**DONE AND ORDERED** this _25th_ day of August, 2010

_s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge